

17 NORTH STATE STREET
SUITE 1600
CHICAGO, ILLINOIS 60602
PHONE: 312.236.0000
FAX: 312.878.1342

Joseph J. Siprut
jsiprut@siprut.com

April 24, 2013

VIA FEDERAL EXPRESS AND CERTIFIED U.S. MAIL

Apple, Inc.
c/o C T Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

Re:   *Notice of Claims Pursuant to Mass. Gen Laws ch. 93A § 9*
      *for Violations of Mass. Gen Laws ch. 93 § 105*

Dear Sir or Madam:

I am writing to you under the provisions of Massachusetts General Laws, Chapter 93A, Section 9, and to request relief as outlined in that statute.

Mass. Gen Laws ch. 93 § 105(a) addresses and prevents the misuse and improper collection of personal identification information by retailers, and recognizes that there is no legitimate need to obtain such personal information from credit card customers except to the extent it is strictly necessary to complete the transaction. Specifically, Mass. Gen Laws ch. 93 § 105(a) states that:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

We contend that Apple is in violation of Mass. Gen Laws ch. 93 § 105(a) through its practice of requiring, as a condition of using a credit card to make a purchase, consumers' personal identification information, and specifically their ZIP codes. The Supreme Judicial Court of Massachusetts has determined that a zip code constitutes personal identification information ("PII") within the meaning of Mass. Gen Laws ch. 93 § 105(a). *See Tyler v. Michaels Stores, Inc.*, 2013 Mass. LEXIS 40 (2013).

Mass. Gen. Laws ch. 93 § 105(c) provides that: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." Accordingly, Apple's violations of Mass. Gen Laws ch. 93 § 105 constitute unfair and deceptive trade practices within the meaning of Mass. Gen Laws ch. 93A § 2.

Mass. Gen Laws ch. 93A § 9 provides:

> Any person ... who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two ... may bring an action in the superior court ... for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper .... Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

My client ("Plaintiff"), and all similarly situated individuals from whom Apple requested and recorded PII in conjunction with a credit card transaction occurring in Massachusetts (the "Class"), have been injured by Apple's violations of Mass. Gen Laws ch. 93A § 9. First, Plaintiff and the Class have been injured because they have received unwanted marketing materials from Apple as a result of having provided their zip codes when using credit cards at Apple. And second, Plaintiff and the Class have been injured because Apple misappropriated their economically valuable PII without consideration.

* * *

We demand that Apple pay Plaintiff and the Class statutory damages of $25 pursuant to Mass. Gen Laws ch. 93A § 9, for each violation of Mass. Gen Laws ch. 93 § 105, and that Apple cease and desist from this unlawful conduct. We also demand reasonable attorneys' fees and costs, and a reasonable incentive award for Plaintiff for services as the proposed Class representative.

Please note that if Apple fails to accept the terms of this demand, given that Apple knows or should know that the practice complained of does, in fact, violate Mass. Gen Laws ch. 93 § 105 and Mass. Gen Laws ch. 93A § 9, and that Plaintiff and the Class are entitled to the relief demanded as a matter of law, Apple may be subject to double or treble damages under Mass. Gen Laws ch. 93A § 9.

We require a response to this demand within 30 days. If we do not receive a response, we will commence a civil lawsuit against Apple based on the facts and claims in this letter.

Yours sincerely,

*Joseph Siprut/JF*

Joseph J. Siprut

cc: Aleksandra M. S. Vold, Esq.
Tyler Zanders, Esq.

4842-0682-3443, v. 1