## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM CHRISTENSEN, JEFFREY SCOLNICK, and WILLIAM FARRELL, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>     Defendant. | Case No. 1:14-cv-10100 |

## APPLE INC.'S ANSWER TO COMPLAINT

Defendant Apple Inc. answers as follows the allegations set forth in Plaintiffs Adam Christensen, Jeffrey Scolnick, and William Farrell's Class Action Complaint.  With respect to the preamble under the heading "Class Action Complaint," Apple admits that Plaintiffs purport to bring this putative class action against Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the preamble, and on that basis denies those allegations.  With respect to various headings throughout the Complaint, to the extent Plaintiffs purport to make any allegations through those headings, Apple denies such allegations.

### I.    NATURE OF THE ACTION

1.    Apple admits that Plaintiffs purport to summarize, interpret, or state the content of Mass. Gen. Laws ch. 93 § 105(a) in Paragraph 1 of the Complaint.  Apple denies any characterization of the statute that is inconsistent with its content.

2.    Apple admits that Paragraph 2 of the Complaint is an accurate, but incomplete, quotation of Mass. Gen. Laws ch. 93 § 105(a).

1

3.      Apple denies the allegations in Paragraph 3 of the Complaint.

4.      Apple admits that Plaintiffs purport to bring a putative class action and to seek the relief identified in Paragraph 4 of the Complaint, but denies that such class treatment or relief is appropriate or warranted.

## II.      JURISDICTION AND VENUE

5.      Apple admits that Plaintiffs have sufficiently alleged that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), but denies that Plaintiffs are entitled to any monetary recovery.

6.      Apple admits that it is registered to do business in Massachusetts and operates Apple retail stores in Massachusetts.   Apple admits that Plaintiffs have sufficiently alleged that this Court has personal jurisdiction over Apple.

7.      Apple admits that it is registered to do business in Massachusetts and operates Apple retail stores in Massachusetts.  Apple admits that Plaintiffs have sufficiently alleged venue in this District.  Apple denies the remaining allegations in Paragraph 7 of the Complaint.

## III.     PARTIES

8.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Adam Christensen's residence, and on that basis denies those allegations.

9.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Jeffrey Scolnick's residence, and on that basis denies those allegations.

10.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff William Farrell's residence, and on that basis denies those allegations.

2

la-1238353

11.     Apple admits that it is a California corporation and that it maintains its principal place of business in Cupertino, California.  Apple admits that it conducts business in Massachusetts.  Apple denies the remaining allegations in Paragraph 11 of the Complaint, to the extent Plaintiffs' allegations imply that Apple operates one or more retail stores in each and every state in the United States of America.

## IV.     FACTUAL BACKGROUND

12.     Apple admits that its records reflect that Plaintiff Adam Christensen engaged in purchase transactions on July 10, 2012, at an Apple retail store located in Chestnut Hill, Massachusetts.  Apple admits that its records reflect that Plaintiff Adam Christensen engaged in transactions on February 18, 2013 and March 11, 2013 at an Apple retail store located in Peabody, Massachusetts.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and on that basis denies those allegations.

13.     Apple admits that its records reflect that Plaintiff Jeffrey Scolnick engaged in purchase transactions on September 20, 2012, September 21, 2012, and November 2, 2012 at an Apple retail store located in Natick, Massachusetts.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies those allegations.

14.     Apple admits that its records reflect that Plaintiff William Farrell engaged in a purchase transaction on November 25, 2012, at an Apple retail store located in Dedham, Massachusetts.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and on that basis denies those allegations.

la-1238353

15.     Based on its investigation to date, Apple admits that Plaintiffs used credit cards to complete the transactions identified in Paragraphs 12-14 of the Complaint.

16.     Apple denies the allegations in Paragraph 16 of the Complaint.

17.     Apple denies the allegations in Paragraph 17 of the Complaint.

18.     Apple denies the allegations in Paragraph 18 of the Complaint.

19.     Apple admits that Plaintiffs purport to summarize, interpret, or state the content of the referenced Massachusetts Supreme Judicial Court decision in *Tyler v. Michaels Stores, Inc.*, 2013 Mass. LEXIS 40 (2013) regarding Mass. Gen. Laws ch. 93 § 105(a) in Paragraph 19 of the Complaint.  Apple denies any characterization of that decision that is inconsistent with its content.

20.     Apple admits that the statement quoted in Paragraph 20 of the Complaint appears on Apple's website.  Apple denies any characterization of that statement that is inconsistent with its content.  Apple denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Apple admits that Plaintiffs purport to summarize, interpret, or state the content of a statement purportedly made by former Federal Trade Commission ("FTC") Commissioner Orson Swindle at a "workshop" in Paragraph 21 of the Complaint.  Apple denies any characterization of the statement that is inconsistent with its content.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the statement and the remaining allegations in Paragraph 21, and on that basis denies the allegations.

22.     Apple admits that Plaintiffs purport to summarize, interpret, or state the content of an online Wall Street Journal article entitled *Web's Hot New Commodity: Privacy* in Paragraph 22 of the Complaint.  Apple denies any characterization of the article that is inconsistent with the article's content.  Apple lacks knowledge or information sufficient to form a belief as to the truth

4

of the article and remaining allegations in Paragraph 22 of the Complaint, and on that basis

denies those allegations.

23.     Apple admits that Plaintiffs purport to summarize, interpret, or state the content of

a statement purportedly made by former FTC Commissioner Pamela Jones Harbour at an FTC

"roundtable" in Paragraph 23 of the Complaint.  Apple denies any characterization of the

statement that is inconsistent with its content.  Apple lacks knowledge or information sufficient

to form a belief as to the truth of the statement and the remaining allegations in Paragraph 23,

and on that basis denies the allegations.

24.     Apple admits that Plaintiffs purport to summarize, interpret, or state the contents

of an online New York Times article entitled *You Want My Personal Data? Reward Me For It*

and an online Wall Street Journal article entitled *Web's Hot New Commodity: Privacy* in

Paragraph 24 of the Complaint.  Apple denies any characterization of the articles that is

inconsistent with either article's respective content.  Apple lacks knowledge or information

sufficient to form a belief as to the truth of the articles and the remaining allegations in

Paragraph 24, and on that basis denies the allegations.

25.     Apple admits that Plaintiffs purport to summarize, interpret, or state the contents

of an article entitled *The Value of Online Information Privacy: An Empirical Investigation* in

Paragraph 25 of the Complaint.  Apple denies any characterization of the article that is

inconsistent with its content.  Apple lacks knowledge or information sufficient to form a belief as

to the truth of the article and the remaining allegations in Paragraph 25, and on that basis denies

the allegations.

26.     Apple admits that Plaintiffs purport to summarize, interpret, or state the contents

of an article entitled *The Effect of Online Privacy Information on Purchasing Behavior* in

Paragraph 26 of the Complaint.  Apple denies any characterization of the article that is inconsistent with its content.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the article and the remaining allegations in Paragraph 26, and on that basis denies the allegations.

27.     Apple admits that Plaintiffs purport to summarize, interpret, or state the contents of an article entitled *The Effect of Online Privacy Information on Purchasing Behavior* in Paragraph 27 of the Complaint.  Apple denies any characterization of the article that is inconsistent with its content.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the article and the remaining allegations in Paragraph 27, and on that basis denies the allegations.

## V.     CLASS ACTION ALLEGATIONS

28.     Apple admits that Plaintiffs purport to bring a class action on behalf of themselves and the putative class defined in Paragraph 28 of the Complaint, but denies that such class action is appropriate or warranted in this case.  Apple denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Apple denies the allegations in Paragraph 29 of the Complaint.

30.     Apple denies the allegations in Paragraph 30 of the Complaint.

31.     Apple denies the allegations in Paragraph 31 of the Complaint, including subparts (a) through (d).

32.     Apple denies the allegations in Paragraph 32 of the Complaint.

33.     Apple denies the allegations in Paragraph 33 of the Complaint.

34.     Apple denies the allegations in Paragraph 34 of the Complaint.

35.     Apple denies the allegations in Paragraph 35 of the Complaint.

la-1238353

## VI.   CLAIMS ALLEGED

**(Violation of Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws Ch. 93A)**

36.     Apple incorporates by reference its answers to Paragraphs 1-35 of the Complaint.

37.     Apple admits that Paragraph 37 of the Complaint is an accurate, but incomplete, quotation of Mass. Gen. Laws ch. 93 § 105(a).

38.     Apple admits that it is a corporation that accepts certain credit cards for retail transactions.

39.     Apple denies the allegations in Paragraph 39 of the Complaint.

40.     Apple admits that Paragraph 40 of the Complaint is an accurate, but incomplete, quotation of Mass. Gen. Laws ch. 93 § 105(c).

41.     Apple denies the allegations in Paragraph 41 of the Complaint.

42.     Apple admits that Paragraph 42 of the Complaint is an accurate, but incomplete, quotation of Mass. Gen. Laws ch. 93A § 9.

43.     Apple denies the allegations in Paragraph 43 of the Complaint.

44.     Apple denies the allegations in Paragraph 44 of the Complaint.

45.     Apple admits that it received a purported demand letter from unspecified claimants, dated April 24, 2013.  Apple denies that a copy of the purported demand letter is attached as Exhibit A to Plaintiffs Complaint.  Apple denies that the purported demand letter complied with the statutory requirements under Mass. Gen. Laws ch. 93A § 9 or fulfilled Plaintiffs' requirements for a written demand letter under Mass. Gen. Laws ch. 93A § 9.  Apple admits that it did not accept the terms set forth in the April 24, 2013 demand letter.  Apple denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Apple denies the allegations in Paragraph 46 of the Complaint.

47.     Apple denies the allegations in Paragraph 47 of the Complaint.

## VII.   REQUEST FOR RELIEF

48.     Apple admits that Plaintiffs seek the relief set forth on page 11 of the Complaint, but denies that Plaintiffs are entitled to any of the requested relief, including the relief requested in subparts (a) through (i).

## AFFIRMATIVE DEFENSES

Apple sets forth its further and separate defenses to the allegations in Plaintiffs' Complaint as follows below.  Apple reserves the right to assert any and all other defenses pending the outcome of further investigation and discovery in this action.

## FIRST AFFIRMATIVE DEFENSE
### (Insufficient Pre-suit Demand)

1.     Plaintiffs' claims are barred by Plaintiffs' failure to comply with the pre-suit demand requirements of Mass. Gen. Laws ch. 93A § 9(3).  Section 9(3) requires that the demand letter "identify [] the claimant and reasonably describ[e] the unfair or deceptive act or practice relied upon and the injury suffered."

2.     The April 24, 2013 demand letter sent by Plaintiffs' counsel, however, did not identify the claimants and failed to include any details regarding the alleged transaction(s) or the claimants' alleged injuries.

## SECOND AFFIRMATIVE DEFENSE
### (Exception for Purpose Permissible by Statute/Safe Harbor)

3.     Plaintiffs' claims fail to the extent that Apple requested or required that Plaintiffs or any member of the putative class provide personal identification information where permissible under Mass. Gen. Laws ch. 93 § 105 and ch. 93A § 9.  This includes, but is not limited to, requesting or requiring such information as was necessary for shipping, delivery, or installation of purchased merchandise or services or for a warranty when such information was

la-1238353

provided voluntarily by a credit card holder (*e.g.*, in connection with registration for an Apple

ID, registration for an iPhone, registration for AppleCare).

### THIRD AFFIRMATIVE DEFENSE
#### (Standing)

4.      The Complaint is barred because Plaintiffs and the members of the putative class

lack standing to pursue any claim against Apple.

5.      At the time of the transactions alleged in the Complaint, Apple did not have a

policy to request or record ZIP codes in connection with credit card purchase transactions.  As

such, Plaintiffs do not have standing.

6.      Plaintiffs and the members of the putative class further lack standing under Mass.

Gen. Laws ch. 93A § 9 to pursue any claim against Apple because they have not suffered an

injury as a result of Apple's alleged violation of Mass. Gen. Laws ch. 93 § 105(a).

7.      Plaintiffs were not injured by Apple's alleged violation of Section 105(a) within

the meaning of the statute and the Supreme Judicial Court's decision in *Tyler v. Michaels Stores*

*Inc.*, 464 Mass. 492 (2013), because Apple did not use customer ZIP code information to obtain

additional personal identification information, did not sell Plaintiffs' ZIP codes (or any other

personal identification information) to any third parties, and did not send targeted marketing

materials to Plaintiffs using information obtained via their ZIP codes or as a result of allegedly

requesting Plaintiffs' ZIP codes.

### FOURTH AFFIRMATIVE DEFENSE
#### (Waiver/Estoppel)

8.      As a result of the acts, conduct, and/or omissions of the Plaintiffs and/or each of

their agents, the cause of action and claims for relief averred in the Complaint have been waived.

9.      Plaintiffs allege that they received unwanted marketing materials, but do not

allege any details regarding the nature of those marketing materials.

la-1238353

10.     To the extent Plaintiffs received any unwanted marketing materials, Plaintiffs did not take any steps to mitigate any purported harm from receiving any such marketing materials. For example, on information and belief, Plaintiffs did not contact Apple to request to be removed from any distribution list for marketing materials, if one existed, during the relevant period.

### FIFTH AFFIRMATIVE DEFENSE
#### (Consent or Ratification)

11.     On information and belief, Plaintiffs voluntarily provided their personal identification information (*e.g.*, in connection with registration for an Apple ID, registration for an iPhone, registration for AppleCare), and by doing so, consented to or ratified the conduct alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

12.     Plaintiffs' purported cause of action and claims for relief asserted therein on behalf of a class of persons similarly situated  is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to Mass. Gen. Laws ch. 93A and ch. 260 § 5A.

13.     Plaintiffs' proposed class definition lacks any limitation based on the date of the alleged violations, and thus any alleged violation for any class member that occurred outside the applicable statutes of limitations would be barred.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate Damages)

14.     If Plaintiffs have suffered damages by virtue of any conduct, act, or omission of Apple, which Apple denies, Plaintiffs have failed to mitigate such damage(s).

15.     For example, Plaintiffs allege that they received unwanted marketing materials, but do not allege any details regarding the nature of those marketing materials or identify any efforts to stop receiving those marketing materials.

10

16.     To the extent Plaintiffs received any unwanted marketing materials, Plaintiffs did not take any steps to mitigate any purported harm from receiving any such marketing materials. For example, on information and belief, Plaintiffs did not contact Apple to request to be removed from any distribution list for marketing materials during the relevant period.

### PRAYER FOR RELIEF

WHEREFORE, Apple requests relief as follows:

1.     That Plaintiffs and members of the purported class take nothing by the Complaint;

2.     That the Court enter judgment in favor of Apple;

3.     That the Court award Apple its reasonable expenses, attorneys' fees, and costs of suit;

4.     That, pursuant to Mass. Gen. Laws ch. 231 § 6F, after a hearing and as a separate and distinct finding, the Court find that all or substantially all of the claims of Plaintiffs were wholly insubstantial, frivolous, and not advanced in good faith and that the Court thereupon award Apple its reasonable costs, expenses, and attorneys' fees incurred in connection with this action; and

5.     For such other and further relief as the Court deems just and proper.

11

la-1238353

Dated:  March 13, 2014          Respectfully submitted,

**APPLE INC.,**
By its attorneys,


/s/ Dustin F. Hecker
David F. Hecker, BBO # 549171
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street, 33rd Floor
Boston, MA  02199
Telephone:   671.973.6100
Facsimile:    617.722.7927
dhecker@pbl.com

Of Counsel:

David M. Walsh (CA Bar No. 120761)
(*pro hac vice* application pending)
Purvi G. Patel (CA Bar No. 270702)
(*pro hac vice* application pending)
Adam M. Sevell (CA Bar No. 266428)
(*pro hac vice* application pending)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454
DWalsh@mofo.com
PPatel@mofo.com
ASevell@mofo.com

12

## CERTIFICATE OF SERVICE

I, Dustin F. Hecker, do hereby certify that on this 13th day of March, 2014, a true copy of the foregoing document was served upon all counsel of record via the CM/ECF system.

/s/ Dustin F. Hecker
Dustin F. Hecker, Esq.

13